**No. 25-3005**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

COALITION ON HOMELESSNESS, et al.,
*Plaintiffs-Appellees*

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,
*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Northern District of California
No. 4:22-cv-05502-DMR (Hon. Donna M. Ryu)

---

## REPLY IN SUPPORT OF PLAINTIFFS-APPELLEES' MOTION
## TO DISMISS APPEAL FOR LACK OF JURISDICTION

---

Vasudha Talla
EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
(212) 763-5000
*vtalla@ecbawm.com*

Neil K. Sawhney
John Thomas H. Do
William S. Freeman
Larissa Grijalva
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 293-6333
*nsawhney@aclunc.org*

*Attorneys for Plaintiffs-Appellees*

## INTRODUCTION

The City's appeal is a transparent attempt to evade well-established limits on this Court's jurisdiction. The City has sought to dismiss Plaintiffs' claims *five times* for lack of Article III standing. Far from "refus[ing] to engage with these challenges," Resp. 6 (D.E. 14), the district court has rejected the City's standing arguments in multiple reasoned decisions. *See, e.g.*, ECF Nos. 281, 298. And in its recent motion for summary judgment—which remains pending before the district court—the City again seeks dismissal for lack of standing.

Apparently fearing the same result for the sixth time, the City filed on the same day—and without any notice to Plaintiffs or the district court—a motion to vacate or dissolve the preliminary injunction. As the City conceded, its motion to vacate makes the same standing arguments, and relies on the same evidence, as its motion for summary judgment. ECF No. 364 at 1, 3. The district court rightly recognized that its summary-judgment analysis would significantly affect—and possibly even moot entirely—its adjudication of the City's motion to vacate. Thus, "to preserve judicial and party resources," the court "defer[ed]" ruling on that motion until after its ruling on summary judgment. ECF No. 365.

1

Now, the City seeks to use the district court's deferral order as a vehicle to short-circuit the normal appellate process. But this Court lacks jurisdiction to review a district court's decision on how to sequence its rulings to avoid duplicative and wasteful briefing. Although the City describes the deferral order as an order refusing to dissolve an injunction, it is hornbook law that an order "deferring the time to rule on" such a motion "does not count as an appealable refusal" under 1292(a)(1). 16 Wright & Miller's Federal Practice & Procedure § 3924.2 (4th ed. 2020). That principle compels dismissal here.

The substance of the City's purported appeal further demonstrates how improper it is. The City's motion to vacate raises factual challenges to Plaintiffs' standing, which the district court has not yet resolved because the City just recently filed its motion for summary judgment. So the City is asking this Court to resolve, *in the first instance*, heavily disputed questions of fact on a voluminous summary-judgment record without the benefit of *any* district court findings—even though those exact factual questions are currently pending before the district court. The City's topsy-turvy approach is not fit for appellate review. *See Shirk v. United States ex rel. Dep't of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014)

2

("[W]e are a court of review, not first view."). Accordingly, this Court should dismiss this appeal.

## ARGUMENT

**I.     Because the district court did not refuse to dissolve the injunction, there is no jurisdiction under section 1292(a)(1).**

**1.** The City identifies only one basis for appellate jurisdiction: 28 U.S.C. § 1292(a)(1). But all its jurisdictional arguments rest on a flawed premise—that the district court's order "refus[ed] to dissolve" the preliminary injunction within the meaning of section 1292(a)(1). The order did no such thing. Rather, it explicitly "deferr[ed]" consideration of the motion to vacate until the court ruled on the City's motion for summary judgment. ECF No. 365. That kind of interim, non-dispositive order is not "an appealable refusal." Wright & Miller, *supra*, § 3924.2; *see* Mot. 5–8 (D.E. 12) (citing cases).

The City concedes that orders that "set case deadlines" and "manage the cadence of litigation" "cannot be appealed". Resp. 10. To avoid that result, it recharacterizes the district court's order here as a fulsome denial of its motion, waving off the court's stated intention to defer consideration as "cursory comments." *Id*. at 9. But the City's attempted revision cannot be squared with the order's actual text:

3

Defendants' motion to vacate largely duplicates part of the motion for summary judgment in that it makes the same jurisdictional arguments relating to standing and mootness and does not offer arguments beyond those covered in the summary judgment motion. For that reason, the motion to vacate will effectively rise or fall on the court's adjudication of Defendants' summary judgment motion. *It therefore makes sense to preserve judicial and party resources by deferring the motion to vacate.* Defendants' motion to vacate is *accordingly* denied without prejudice and *with leave to renew depending on the outcome of the court's ruling on Defendants' summary judgment motion.*

ECF No. 365 (emphasis added). On any fair reading, the order was intended to "manage the cadence of litigation" and thereby avoid wasting judicial and party resources—not to resolve (or even address) the City's arguments for dissolving the preliminary injunction. Accordingly, in the City's own words, the order "cannot be appealed."

**2.** Trying to resist this conclusion, the City grasps onto the phrase "denied without prejudice." Resp. 8. But as the City itself contends (*see id.* at 9 n.3), the formal labels that the district court uses to describe its actions are immaterial to this Court's jurisdiction. Rather, "[i]n determining the appealability of an interlocutory order under 28 U.S.C. § 1292(a)(1)," this Court "look[s] to its substantial effect rather than its terminology." *Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997) (quoting *Tagupa v. East–West Ctr., Inc.*, 642 F.2d 1127, 1129 (9th Cir.

4

1981). Thus, for example, the Fifth Circuit held it had no section 1292(a)(1) jurisdiction over an order in which "the district court implicitly and explicitly stated its intent to defer a ruling on the matter, even though the order formally "denied without prejudice the State's motion to dissolve the permanent injunction." *See June Med. Servs., L.L.C. v. Phillips*, No. 22-30425, 2022 WL 4360593, at \*1 (5th Cir. Sept. 28, 2022).

So too here. The "substantial effect" of the district court's order—indeed, its stated rationale—is merely to defer consideration of the motion to vacate until after the court decides the motion for summary judgment. ECF No. 365; *see Armstrong*, 124 F.3d at 1021. After all, nothing about the district court's order turns on the purported denial without prejudice; the court could have obtained the same result by granting Plaintiffs' motion to defer consideration, ECF No. 360, or exercising its discretion to defer the motion to vacate without any formal ruling. In neither event would there even be a colorable basis to claim that the order "refused to dissolve" the injunction. The order's substance is not transformed by the district court's addition of the three words "denied without prejudice."

5

None of the City's cases hold otherwise. *See* Resp. 8–10. To the contrary, in all the cited cases, the district court specifically *intended* to deny relief after consideration of the merits. The City's only Ninth Circuit case involving a motion to dissolve an injunction, *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019), proves the point. Although the City asserts that the district court in *Karnoski* denied the motion to dissolve the preliminary injunction without considering its merits, the court there actually struck this motion as moot *after* it ruled on the parties' cross-motions for summary judgment—which presented the same arguments as the motion to dissolve. *See id.* at 1192–93; *see also Karnoski v. Trump*, No. C17-1297-MJP, 2018 WL 1784464, at *14 (W.D. Wash. Apr. 13, 2018), *vacated and remanded*, 926 F.3d 1180 (9th Cir. 2019) ("The Court's ruling today eliminates the need for Plaintiffs and Washington to respond to Defendants' Motion to Dissolve the Preliminary Injunction . . . ."). The process that took place in *Karnoski*, in other words, is precisely the process that Plaintiffs urge here—if the City wishes to appeal, it should do so *after* the district court rules on its motion for summary judgment and decides the issues relevant to the City's motion to vacate.

The City's reliance on this case law thus reflects its fundamental misunderstanding of the district court's order. Plaintiffs do not contend that this Court categorically lacks jurisdiction over "orders summarily denying motions to dissolve," or those that "refuse[] to consider the merits." Resp. 8–9. The problem for the City here is that the district court did *not* summarily deny the City's motion or refuse to consider its merits; in fact, the court expressly telegraphed its intention to resolve the City's arguments—just at a *later time*. Applying the City's own cases, a deferral order like this one is not appealable under section 1292(a)(1).

## II. The City's "practical effects" theory of jurisdiction fails.

Shifting gears, the City argues that this Court has jurisdiction under section 1292(a)(1) even if the district court's order does not qualify as a refusal to dissolve the preliminary injunction—because it "has the practical effect" of doing so. Resp. 12–13; *see Abbott v. Perez*, 585 U.S. 579, 594 (2018). This argument collapses at multiple levels.

Initially, the district court's order simply does not have the "practical effect" of refusing to dissolve the injunction. As explained above and in our motion, the order here just defers consideration of the City's arguments until after the ruling on summary judgment. Put differently,

7

because the order merely "concern[s] the conduct of the parties or their counsel in litigation," it cannot have the practical effect of an injunction. *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 825 (9th Cir. 2018).

Regardless, even if the district court's order *does* have the practical effect of refusing to dissolve the injunction, the City still cannot meet the two other strict requirements to establish "practical effects" jurisdiction. *First*, the order does not threaten "serious," let alone "irreparable consequences." *United States v. El Dorado Cnty.*, 704 F.3d 1261, 1263 (9th Cir. 2013). As this Court previously recognized, this injunction is limited; it merely requires "the City to comply with its *own* detailed policy document." *Coal. on Homelessness v. City & Cnty. of San Francisco*, No. 23-15087, 2024 WL 3325655, at *1 (9th Cir. July 8, 2024) (emphasis added). The City does not show that the injunction imposes any irreparable harm. All the City identifies is that the injunction prevents it "from adjusting aspects of [its] homelessness response." Resp. 14. But there is a simple process for "adjusting" the injunction if the circumstances warrant it: filing a motion in the district court for

8

modification or clarification. Yet, instead of doing so, the City came directly to this Court for relief.

Furthermore, despite the City's alarm-bell ringing, the fact that the injunction remains in effect as trial approaches does not establish irreparable harm. The City's own litigation conduct makes that clear. The relevant legal changes that the City identified as a basis for vacating the injunction took place nearly a year ago. *See* Resp. 1–2; ECF No. 353 at 6. Yet it did not file its motion to vacate until April 8, 2025, the last day to file pretrial motions and the same day it filed its motion for summary judgment. To the extent the City was concerned about the trial date, nothing precluded the City from moving earlier to dissolve the injunction—or to move on grounds that were not duplicative of its summary judgment motion. The time pressure caused by the upcoming trial is, in other words, entirely a problem of the City's own making. There is no reason for this Court to rescue the City from the consequences of its own litigation decisions.

*Second*, the City fails to show that the district court's order "can be effectively challenged only by immediate appeal." *El Dorado Cnty.*, 704 F.3d at 1263. After the district court issues its summary-judgment

ruling, the City can renew its request to vacate the injunction; it then can appeal from the district court's ruling on the merits. Or the City could attempt to certify an interlocutory appeal under section 1292(b) on the standing question.[1] Or, of course, the City could wait to appeal from a final decision after trial. All these avenues would allow this Court to effectively review the order and the City's arguments on the merits.

In the City's view, however, none of this is acceptable because trial is "approaching fast." Resp. 14. But "[t]his is merely a repetition of the [City's] harm arguments"; it has "no impact on the reviewability of the underlying legal issue." *El Dorado Cnty.*, 704 F.3d at 1265. Simply put, this Court does not have jurisdiction over an otherwise improper interlocutory appeal just because the appellant will soon have to face trial, and the City cites no authority even suggesting otherwise.

## III. The City's procedurally improper appeal would force this Court to act as a trial court and resolve deeply fact-bound questions in the first instance.

For the reasons above and in our motion, black-letter principles of appellate jurisdiction compel dismissal of this appeal. But the procedural

---

[1] In fact, the City could have sought 1292(b) certification after the district court's orders denying its motions to dismiss for lack of standing. That it did not even try to do so highlights the absence of irreparable harm here.

irregularity of the City's appeal also highlights why this Court's review would be improper and premature.

The City's attacks on Plaintiffs' standing are highly fact-intensive and hotly disputed. In connection with the City's motions, for example, the parties have submitted more than 200 evidentiary exhibits, including excerpts of testimony from nearly 30 depositions. The district court has not yet made *any* factual findings based on this evidence.[2]

Thus, to resolve the City's standing arguments, this Court would have to resolve the numerous factual and evidentiary disputes in the first instance on appeal. But this Court generally refrains from a "close parsing of a voluminous summary-judgment record" and addressing "deeply fact-bound" questions without the benefit of a district court's first pass. *See DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1109 (9th Cir. 2024); *see also, e.g.*, *Honcharov v. Barr*, 924 F.3d 1293, 1295–1296 (9th Cir. 2019) (explaining that, as "the adjudicator with the best understanding of the case," the trial court has a particularly important

---

[2] Because the district court deferred consideration of the motion to vacate before Plaintiffs filed an opposition, Plaintiffs submitted their evidence only in conjunction with their opposition to the City's motion for summary judgment. *See* ECF Nos. 366-1 to 366-152.

gatekeeping role when the issue on appeal "requires resolving disputed facts"). The City identifies no reason this Court should effectively transform itself into a trial court—especially when, as here, the factual issues have been fully briefed and argued, and the district court's ruling is pending.

Indeed, even the City's purely legal challenges to Plaintiffs' standing are better left for the district court to resolve. In attacking organizational standing, the City relied heavily on *Arizona Alliance for Retired Americans v. Mayes*, 117 F.4th 1165 (9th Cir. 2024). *See* ECF No. 353 at 6, 8, 15. But this Court granted rehearing en banc in that case and vacated the panel opinion. *See* 130 F.4th 1177 (9th Cir. 2025). Once the en banc court issues its ruling, the district court is best positioned to apply this Circuit's new law to the facts of this case. *See Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000) ("Usually, an appellate court does not consider legal issues in the first instance but instead has the benefit of the district judge's initial analysis.").

As this Court has explained, "[o]ur judicial system generally assumes that consideration of an issue at both the trial court and appellate court level is more likely to yield the correct result, because the

issue will be more fully aired and analyzed by the parties, because more judges will consider it, and because trial judges often bring a perspective to an issue different from that of appellate judges." *Id.* The City's premature appeal would improperly cut the district court out from this process altogether. This Court should not countenance it.

## CONCLUSION

Plaintiffs respectfully request that the Court dismiss the appeal for lack of jurisdiction.

Dated: June 3, 2025

Respectfully submitted,

s/ Neil K. Sawhney
Neil K. Sawhney
John Thomas H. Do
William S. Freeman
Larissa Grijalva
ACLU FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 293-6333
*nsawhney@aclunc.org*

Vasudha Talla
EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
1 Rockefeller Plaza, 8th Floor

13

New York, NY 10020
(212) 763-5000
*vtalla@ecbawm.com*

14

## CERTIFICATE OF COMPLIANCE

I certify this brief complies with the length limits set forth in Fed. R. App. P. 27(d)(2) and Ninth Circuit Rule 27-1(1)(d), because this motion contains 2,713 words excluding the items exempted by Fed. R. App. P. 32(f). The motion's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: June 3, 2025

s/ Neil K. Sawhney
Neil K. Sawhney
*Counsel for Plaintiffs-Appellees*

15